## PAGE vs. PLUMMER. & al.

Though *stat.* of 1822, *ch.* 209, prescribes *the mode* of notifying a creditor of the intention of an execution debtor, to take the poor debtor's oath, yet such creditor, by himself, or attorney, may *waive his right to such notice.*

And where the written return of notice, was of one given to the *attorney*, parol evidence will be received to show that he was *authorized* to receive it by the creditor.

THIS was an action of *debt on bond*, with condition as prescribed by the act for the relief of poor debtors. The breach relied on by the plaintiff was, that the debtor did not surrender himself according to the condition of the bond.

The defendants produced a certificate of two justices of the *quorum* that they had administered the poor debtor's oath to the execution debtor. Also a written acknowledgment of notice, signed by John Otis, *Esq*, attorney to the plaintiff.

*Briggs Turner*, a witness for the defendants, testified that *Plummer*, the execution debtor, requested him to procure from the plaintiff a written acknowledgment of notice ; and that on application to him he said he was willing that *Mr. Otis* should acknowledge notice, which he accordingly did.

The testimony of this witness was objected to, but *Weston J.* admitted it. If the opinion of the whole Court should be that from this evidence, so far as it was competent, the defence had been maintained, the plaintiff was to become nonsuit, otherwise the defendants were to be defaulted.

*Otis*, for the plaintiff.

The mode of notifying a creditor, where a debtor is about to procure his release from imprisonment by taking the poor debtor's oath, is prescribed by statute. This mode must be pursued strictly. *Commonwealth v. Metcalf*, 2 *Mass.* 118 ; 2 *N. H. Rep.* 152.

The statute says, that the notice must be served on *the creditor.* In this case it was not.

The testimony of *Turner* was improperly admitted. It was introduced to aid and give effect, to a defective return of

Howard v. Hutchinson.

notice. This is in violation of a familiar principle, that oral testimony shall not be received to explain a record or matter in writing. *Jenner v. Jolliff*, 6 *Johns. R*; 10 *Johns. R.* 248.

If the party rely upon the written return of notice, he must rely upon it altogether — he cannot alter, or add to it, by parol testimony. The return in this case shows a service of notice on the *attorney* merely.

The justices before whom the oath was administered, could not legally proceed to administer it, the return showing merely a service on the attorney. It was not competent for them to receive evidence of the consent of the creditor.

*Sprague*, for the defendants, was stopped by the Court.

MELLEN C. J. — The plaintiff agreed to accept of the notice given to his attorney ; and though it was not the *statute notice*, yet his conduct amounts to a waiver of all objection to the want of it. There is no pretence for sustaining the action.

*Plaintiff nonsuit.*